IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Disability Update Report | ) | |
| Disability Review | ) | |
| Juliane M. Iverson, | ) | |
| | ) | |
|                Plaintiff, | ) | |
| | ) | |
|    vs. | ) | Civil Case No. 2:08-cv-12 |
| | ) | |
| | ) | |
| North Valley Collections, a Division | ) | |
| of SWS Credit Services, Inc.; | ) | |
| Johnson & Associates, P.C.; and | ) | |
| JCC J.C. Christensesn and Associates, | ) | |
| Inc., | ) | |
| | ) | |
|                Defendants. | ) | |

**REPORT AND RECOMMENDATION OF DISMISSAL**

On December 23, 2008, the magistrate judge entered an order (Doc. # 23) notifying plaintiff that the court was moving *sua sponte* for dismissal of her complaint for failure to state a claim upon which relief can be granted. The court allowed plaintiff until January 31, 2009 to submit a response to the court's motion. Plaintiff filed her response on January 6, 2009. Neither plaintiff's response to the court's motion, nor her complaint or any of its supplements, identify the nature of plaintiff's claims against defendants. Therefore, the magistrate judge **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice.

In her response to the court's motion, plaintiff alleges that the defendants are in "CONTEMPT OF COURT FOR NOT FILING A THRESHOLD MOTION." (Doc. # 26, at 1, 4 & 7). Threshold motions by a party are not required by the court's scheduling order. The

scheduling order merely sets a deadline by which any party who wishes to file a threshold motion relating to such issues as jurisdiction, statute of limitations or immunity from suit must do so.  The court is not aware of any contemptuous behavior by defendants, and this allegation by plaintiff does not provide a reason to allow her complaint to proceed further.

The remainder of plaintiff's response to the court's motion refers to the circumstances surrounding an allegedly illegal workers compensation hearing, to a complaint she made to the North Dakota Department of Labor, to her Social Security disability application, and to parties involved in her prior lawsuits before this court.  While a pro se plaintiff is entitled to a liberal reading of her pleadings, *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004), even the most generous reading of plaintiff's submissions does not amount to a claim upon which relief can be granted in this court.  The federal rules require that a complaint, even a pro se complaint, must identify how each defendant was involved in the conduct about which the plaintiff complains.  F.R.Civ.P. 8(a)(2); *Jones v. Pollard-Buckingham*, 348 F.3d 1072, 1073 (8th Cir. 2003).  None of plaintiff's pleadings indicate what defendants did, how the defendants have aggrieved plaintiff, or how the defendants are liable to her under the law.  Thus, plaintiff's complaint fails to state a claim upon which relief should be granted and should be dismissed with prejudice.

**IT IS RECOMMENDED** that the court order that plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## RIGHT TO OBJECT

Pursuant to Local Rule 72.1(D)(3), any party may object to this recommendation within ten (10) days after being served with a copy.

Dated this 20th day of January, 2009.

                                                 *S/ Karen K. Klein*
                                                 Karen K. Klein
                                                 United States Magistrate Judge